187719.1

Eli Feit
Stuart A. Blander
HELLER HOROWITZ & FEIT, PC.
292 Madison Avenue
New York, New York 10017
Telephone: 212-685-7600
*Attorneys for Money Spot, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
|     MOUNT VERNON MONETARY MANAGEMENT CORP., et al., | Case No.: 10-23053 ( ) |
|                        Debtor. | |

------------------------------------------------------------X

| | |
|---|---|
| MONEY SPOT INC, | |
|                        Plaintiff, | Adversary Proceeding No.: |
|     against | |
| ARMORED MONEY SERVICES, LLC, | ADVERSARY COMPLAINT |
|                        Defendant. | |

------------------------------------------------------------X

      Plaintiff Money Spot, Inc., by its attorneys Heller, Horowitz & Feit, P.C., as and for its Complaint against defendant, Armored Money Services, LLC, alleges as follows:

## JURISDICTION AND VENUE

      1.    This Complaint commences an adversary proceeding within the meaning of Federal Rule of Bankruptcy Procedure 7001(1). This Adversary Proceeding concerns the sum of $170,000 (the "Delivered Funds"), which were delivered by plaintiff to defendant Armored Money Services, LLC ("AMS") on February 8, 2010, three days before the accounts of AMS were restrained and seized pursuant to a Consent Order issued by the United States District Court

for the Southern District of New York. The plaintiff seeks a declaration that the Delivered Funds do not constitute property of AMS' Estate pursuant to 11 U.S.C. §541; that at the very most AMS holds the Delivered Funds as bailee/constructive trustee with no equitable ownership interest in the Delivered Funds; and that the Delivered Funds should accordingly be returned to the plaintiff.

2. This Court has jurisdiction over this action pursuant to 28 USC §1334 and this action constitutes a core proceeding pursuant to 28 U.S.C. §157(b)(2)(B).

3. This Chapter 11 proceeding was commenced by the filing of a Petition on May 27, 2010 by AMS, together with Mount Vernon Monetary Management Corp.("MVMC") and a number of MVMC's other affiliated companies.

4. Venue for this Adversary Proceeding is proper in this judicial district under 28 USC §§1408 and 1409.

## FACTUAL ALLEGATIONS

5. Plaintiff Money Spot, Inc. ("Money Spot") is a corporation organized under the laws of the state of New York with its principal place of business at 283 Van Brunt Street, Brooklyn, New York 11231. Plaintiff operates a check cashing business and is licensed to do so by the New York State Department of Banking.

6. Pursuant to a written contract dated September 17, 2009 (the "Contract"), Money Spot retained AMS, an affiliate of MVMC, to provide courier services, including the delivery of cash to Money Spot's premises.

7. On February 8, 2010, pursuant to the Contract, Money Spot authorized its Bank, First Central Savings Bank, to debit its account and transfer by wire the sum of $170,000.00 to AMS' Signature Bank Account, No. 1500754377 (the "Signature Account"). The purpose of this wire was to fund AMS' next day delivery to Money Spot of $170,000.00 in cash that it needed to operate its check cashing business.

8. However, unbeknownst to Money Spot, four days earlier, on February 4, 2010, a criminal complaint was sworn out against Robert Egan, the owner of MVMC and AMS, and Mr. Egan was arrested by the FBI on February 8, 2010, in connection with a $12 million fraud involving his companies. Neither the FBI nor the United States Attorney's Office advised any of the customers, including Money Spot, that Mr. Egan was involved in and had been arrested for such a fraud.

9. On February 11, 2010, the accounts of AMS, as well as a number of other companies affiliated with MVMC and its owner Robert Egan, were restrained pursuant to a Consent Order for Restraint and Seizure of Property (the "Seizure Order") signed by the United States Attorney and counsel for Mr. Egan and MVMC and approved by the Court in *United States v. Egan,* 10 Mag. 238.

10. At approximately the same time, Allan Applbaum was appointed the Receiver of the assets of MVMC and related entities (the "Receivership Order"). As Receiver, Mr. Applbaum was given, subject to the supervision of the Court, authority to administer and control all funds within the custody of MVMC and the related entities.

11. At the time of the issuance of the Seizure Order and the Receivership Order, and at all times thereafter, the Delivered Funds remained in the AMS Signature Account.

12. According to the Receiver's Status Report dated, March 1, 2010, and filed with the Court, (i) the AMS Signature Account (into which Money Spot's funds were wired) had at that time a balance of $2,305,288; and (ii) "a substantial portion of the cash on hand represents exchange funds forwarded and *held in trust* by MVMC for their customers." (Report at 7-8; emphasis supplied.) One of these customers was, of course, plaintiff.

13. Following the Seizure Order and the Receivership Order, Money Spot requested – without success – that Mr. Applbaum release or be directed to release the Delivered Funds.

14. The Delivered Funds remain in the AMS Signature Account.

## AS AND FOR A FIRST CAUSE OF ACTION

15. Plaintiff repeats and realleges each and every allegation made above in paragraphs 1 to 14 with the same force and effect as though it is fully stated herein.

16. Notwithstanding Mr. Egan's apparent criminal activities, the Delivered Funds remain the property of Money Spot and do not constitute the property of the Debtor's Estate under 11 U.S.C. §541. As a result, plaintiff is entitled to the return of its $170,000 by the Debtor.

17. As a result, plaintiff is entitled to a declaration that the Delivered Funds belong to plaintiff and should be returned to plaintiff.

## AS AND FOR A SECOND CAUSE OF ACTION

18. Plaintiff repeats and realleges each and every allegation made above in paragraphs 1 to 17 with the same force and effect as though it is fully stated herein.

19. MVMC was, at the very most, a mere bailee/trustee with no ownership interest in plaintiff's monies.

20. Moreover, defendant would be unjustly enriched if permitted to retain the Delivered Funds.

21. Under these circumstances, AMS is and should be declared to be a constructive trustee with respect to the Delivered Funds and plaintiff is entitled to the return of its $170,000 by the defendant.

**WHEREFORE**, plaintiff demands judgment as follows:

a) On its First and Second Causes of Action, an order declaring and determining that the sum of $170,000, wired by plaintiff to AMS and currently held by the Debtor, does not constitute property of the Debtor's Estate; and

b) Directing defendant AMS to return to plaintiff the sum of $170,000; and

c) For such other and further relief that the Court finds just and proper.

Dated: New York, New York
June 11, 2010

**HELLER, HOROWITZ & FEIT, P.C.**

By: _____
Eli Feit (EF-3530)

By: _____
Stuart A. Blander (SB-2510)

292 Madison Avenue
New York, New York 10017
(212) 685-7600

*Attorneys for Plaintiff*